UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PAUL FINGERLE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 21-11972
Honorable Laurie J. Michelson
Magistrate Judge Jonathan J.C. Grey

**ORDER ADOPTING REPORT & RECOMMENDATION [26],
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [22],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19],
AND REMANDING THE CASE**

    In 2018, John Paul Fingerle applied for and was denied disability benefits. Following an unsuccessful administrative appeal, Fingerle sought judicial review of that decision. In time, he and the Commissioner filed cross-motions for summary judgment. Magistrate Judge Jonathan J.C. Grey issued a Report and Recommendation recommending that the Court grant Fingerle's motion and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).

    At the conclusion of his February 24, 2023 Report and Recommendation, Magistrate Judge Grey notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 26, PageID.986.) And he noted that "[i]f a party fails to timely file specific objections, any further right of appeal is waived." (*Id.* (citing *Howard v. Sec'y of Health and Human*

*Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).) That time has since passed, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 26.) The Court DENIES the Commissioner's motion for summary judgment (ECF No. 22) and GRANTS Plaintiff's motion for summary judgment (ECF No. 19).

Accordingly, the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with Magistrate Judge Grey's Report and Recommendation (ECF No. 26). On remand, the ALJ must explain the reasons

2

for his evaluation of the treating-source opinion of Gary P. Montgomery, MA, LPC, CAADC. A separate judgment will follow.

    SO ORDERED.

    Dated: March 14, 2023

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
